So the first case scheduled for argument is number 2018-17, United States v. Vazquez. Counsel? May it please the court, this is Norman Tribulus. I'm here from Mr. Vazquez. In his first appeal back in 2000, he raised a claim of what is now known as Booker error, which the later case in Booker showed to be meritorious, but of course that case was still over four years away, and without the benefit of that decision, this court rejected the claim in 2001 and affirmed. Now what brings this case back and gives rise to the second appeal is the issuance of an amended judgment in June of 2020 following a reduction in Mr. Vazquez's jury pursuant to 18 U.S.C. 3582C. Now Mr. Vazquez does not appeal that reduction, but the amended judgment also includes the unamended portion of his original sentence, and that remains infected with Booker error, and it's that which Mr. Vazquez appeals and asks this court to reconsider. Under an exception to the law of the case doctrine triggered by the intervening change in controlling law, which was effected by Booker, Mr. Vazquez seeks a remand for resentencing under advisory rather than mandatory sentencing guidelines. Now the error was plain under the law, the current law, the law at the time of this court to decide this appeal, which is the law that applies to plain error purposes, and under the Supreme Court precedents cited in his brief, all four prongs of the plain error rule are at least presumptively satisfied. Mr. Travulis, could you turn to addressing the effect of the Supreme Court's decision in Dillon? Yes, yeah. Yeah, because it looks to me as though that bars Mr. Vazquez's Booker claim, and I don't understand your argument that it doesn't. Well, Dillon bars presenting a claim such as the Booker claim in a 3582C proceeding, but it doesn't speak to what can be raised on an appeal. The appeal is from the amended judgment, and the amended judgment doesn't just include what was the subject of the 3582C proceeding, and I think Judge Tasman's opinion in Johnson v. United States in 2010 illustrates that, and it specifically speaks to the point where an amended judgment was to be the subject of a 2255 proceeding, and the amended judgment did not arise from a proceeding which implicated what the petitioner there was seeking to raise in the new 2255 proceeding. It wasn't limited by it. Travulis, I thought that Johnson, oh go ahead, Judge Katzmann. I'm sorry, with respect to Johnson, which I understand is essentially a principle case you cite in support of reaching the claims of error. Johnson did not confront when, at least in my reading, 3582A2 motion brings reported errors in an original judgment up for review, but rather was about the entirely different question of when a petition under 28 U.S.C. 2255 qualifies as successive or second. So in that way, is it inapposite here? No, I don't think it's inapposite, Your Honor, because the reasoning of Johnson, as I see it, is that challenges to judgments are not claims-based, but judgment-based. The reason that that wasn't the second petition there was that even though it was the first petition, it would have been the first petition to seek to raise the particular claims, it was still a new judgment in which the basis for those claims was incorporated. And the point here is that the judgment here, the appeal is of the judgment, not of the claim that was adjudicated in the 3582C proceeding. And the judgment here includes more than what was adjudicated in that so long as the appeal is not simply limited to the claims that were adjudicated in the sentence reduction motion. There is a basis for entertaining it on appeal here. Now, the point is that this does not open the door to a huge range of new claims to be raised on appeals from 3582 proceeding resulting judgments. And the reason is that in the very vast majority of cases, the law of the case doctrine would bar a claim that could have been raised on the first appeal. If you had the opportunity to raise it then and the incentives to raise it then and didn't raise it then, Dillon or 3582C, without regard to that, you'd be barred from raising it because you waived it by not raising it earlier. In this particular case, which is rather unusual, it was raised earlier by Mr. Vasquez, precisely the claim that he's seeking to raise now. And so long as that error is included in the original sentencing, which it is, and the original sentencing is included in the amended judgment, which the Johnson case says it is, citing the Supreme Court's case in Dillon, then I think this court has the power to entertain it. And I don't think 3582C is what controls. And then you reach the question of whether the court should exercise its dispersion to do so under the exception to the law of the case doctrine. But you have about a minute left before you close. Well, assuming the court wishes to exercise that discretion, the remand should be on the 924C count as well, even though Mr. Vasquez received the sentences on them and the error didn't infect them. Because under this court's decision in United States v. Brown, they should be resentencing on that for the remand. The district court can hear arguments on whether or not the First Step Act applies. And if so, it could apply prospectively to reduce the statute for a minimum sentence on the second 924C count. I'll reserve any remaining time for my rebuttal. Thank you. Very good. Thank you. Thank you very much. We'll hear from the government. Mr. Edelman? Thank you. Thank you, Your Honor. Keith Edelman for the United States may plead the court, and I was counseled below. This court should dismiss Vasquez's appeal because it is not properly before this court. As the Supreme Court held in Dillon and this C-3582C2 proceedings are not plenary resentencing proceedings. Rather, they are limited proceedings to allow a reduction in sentence only within a lower guidelines range based on an amendment to the guidelines. As this court held in Mock, quote, neither the district court nor this court is free to address in a proceeding pursuant to 18 U.S.C. 3582C2 defendant's arguments regarding procedural errors at his original, now final, sentencing. Close quote. That is precisely what Vasquez intends to do here. He received all the relief he requested and to which he was entitled before the district court in the 3582C resentencing. Nevertheless, he now seeks to have this court remedy purported error under Booker, which was not made retroactive to cases on collateral review and which was rejected and made final in Vasquez's case long ago. Further, even if this court could address the challenge, which it cannot, it should not be so here because Vasquez consciously chose not to raise the issue before the district court. And therefore, this actually constitutes true waiver, also precluding any review. As Judge Tasman and your honors have noted, Johnson, upon which defendant primarily relies, is not applicable here. In Johnson, this court interpreted what constituted a second or second or successful petition under 2255 and held that in light of the statutory text and the Supreme Court's case in Magwood, which interpreted a similar provision as to 2254, that the particular petition was not second or successive and could be raised. Nothing in Johnson addressed the scope of 3582C proceedings and, in fact, is even more inapplicable here because 2255, as this court is aware, if granted, allows full vacator, full resentencing, even dismissal of all the charges if a meritorious claim is raised. 3582C never permits that. As Billen makes clear, at most 3582C allows a reduction in sentence and even only a reduction to the low end of the revised amended guidelines range. Indeed, Billen itself... Just a bit of clarity on one question that goes to your brief. In your brief, you say that Vasquez's claim is not properly before the court and, therefore, the appeal should be dismissed regardless of any standard of review. I just want to be sure. Are you arguing that Vasquez's claims fail under any standard of review or that we cannot review the purported errors Vasquez raises at all? I think both in the alternative, but primarily the latter, Your Honor, that this court cannot review any purported error from 3582C where the purported error has nothing to do with the 3582C decision. He received all the remedy that he was entitled to because he got the sentence at the lowest end of the revised guidelines range. But in the alternative, to the extent this court disagrees, we do believe under any standard of review, in reviewing the merits, the court should affirm, given... I'm sorry. I'm not entirely sure. I kind of echo Judge Kaplan's question. So, are you making a jurisdictional argument or just a merits argument? I think we're trying to make both, Your Honor. First, I don't believe this court has jurisdiction where a challenge is made to nothing that was within the scope of the proceeding before the district court, which is an entirely new challenge that was never before the court, the district court. And therefore, I don't believe it is jurisdictionally proper before this court where essentially brand new arguments having nothing to do with the proceeding below are being raised. Okay. Thank you. But as I noted, in any event, the claim fails on the merits for the reasons set forth in our brief. And so, unless Your Honors have any other questions, we rest on our papers at this time. Very good. Thank you very much, Mr. Adelman. Mr. Trabulus, you have reserved two minutes for rebuttal. Yes, it's not a brand new claim. It's a claim that was raised before this court back in 2000. And it was not raised in the district court below. And there was no waiver for failing to raise it there. Because under 3582C, it could not have been raised there. The key issue, the threshold issue, is whether or not this court can reach it, even though it wasn't the subject of the 3582C proceeding. And it can. And the reason it can is that the error, the original error, which was timely raised back in 2000, it affects the amended judgment. It affects the unamended portion of the original sentence. And that is comprised within the original judgment. And there's nothing in the case, nothing in any case law that government decided, and I found none, which says that on an appeal, one is restricted to the issues that are raised in the proceeding which gave rise to an amended judgment. And you can have other situations which could arise where that would not apply. For example, you could have a remand where under the mandate rule, the district court was not allowed to have an intervening change in the law and a new appeal. And then the Court of Appeals would be able to consider it. And if there's an intervening change in controlling law from either the Court of Appeals or the Supreme Court, they could reconsider their original decision. That would be an instance where the proceeding, let's say a resentencing, had not involved the issue that would be raised on the appeal. Now here, of course, the wrinkle is that so much time has passed by. You have a minute left. Thank you. A lot of time has passed by, but this Court should not hold that Mr. Vasquez's meritorious Booker claim loses because the first time it was brought, not prematurely but too early in light of the development of the case law, and now essentially too late. This is the first opportunity it's had to bring it. It's brought on a direct appeal from an amended judgment that incorporates the original sentence, which the unamended portion of the original sentence, which remains infected with the error which he originally and finally claimed. This Court should exercise its discretion, notice the error. Excuse me, let me see if I understand, Mr. Travis. Let me see if I, it's Judge Kearse. If your argument is correct, doesn't that mean that any defendant who was sentenced before Booker and who could not raise a Booker claim because Booker's not retroactive, such a defendant, if he gets a new judgment under 3582 motion, can now raise a Booker claim? Absolutely not. That defendant would have had to have raised that Booker claim on his or her first appeal. Otherwise, that defendant waived it. In Quintieri, this Court noted, and citing the Benz v. decision, that you waive an appellate claim if you don't raise it at the first opportunity you have to raise it when you have the opportunity and incentive to do so. Mr. Vasquez did that here, the vast majority of cases, that will not have been done. It's interesting in Quintieri. But in a lot of cases, the defendant was sentenced before Booker was decided. Yes, and Quintieri... Where he was sentenced before Booker was decided, whether or not he raised it, I mean, if he couldn't raise it because it was premature, that's not a meaningful opportunity to raise it. But if he was sentenced before Booker and he gets a 3582 adjustment, now, on your view, he can raise a Booker claim. I'm not prepared to accept the premise of your question that such a defendant would be able to do so because he didn't have a meaningful opportunity to do it. The Quintieri case kind of left that open. Quintieri dealt with a situation where somebody, among others, sought to raise a claim under Apprendi, where on his first appeal, Apprendi had not yet been decided. And the court in Quintieri said, well, we're going to leave aside whether or not the subsequent decision in Apprendi was sufficient, a compelling circumstance to allow an exception to the law of the case doctrine because this particular Apprendi claim isn't good anyway. In Mr. Vasquez's case, Booker had been foreshadowed by Apprendi and by other cases, and that's why Mr. Vasquez knew on his appeal to raise it. Now, other people who didn't raise it, who also had Apprendi available to them, they wouldn't. They waived that opportunity to do so. Mr. Vasquez availed himself of that opportunity and made the claim. So I think you can leave open and don't need to decide today in this case whether or not every other defendant, and under what circumstances any other defendant who had suffered Booker error might be able to bring it up again on a sentence reduction. I think it's suffice to say that if any defendant can do it, Mr. Vasquez can because he brought it up, he raised it, he timely made the same arguments which did not make those arguments even though they were just as much on notice of the availability of that sort of potential claim as Mr. Vasquez was. I thought you were done with your statement. I wanted to ask Judge Kearse if she had any further questions. No further questions. Thank you. I am done. Fabulous. Very good. Yeah, your time has expired. Thank you very much. Thank you. Thank you both. We will reserve decision.